IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| VICTOR K. LEMMONS, Jr., <br><br> Plaintiff <br><br> v. <br><br> MICHAEL HOLMAN, <br><br> Defendant | Case No. 1:21-cv-51 <br><br> UNITED STATES MAGISTRATE JUDGE RICHARD A. LANZILLO <br><br> MEMORANDUM OPINION ON DEFENDANT'S MOTION TO DISMISS <br><br> ECF NO. 21 |

I.  Background

Plaintiff Victor K. Lemmons, Jr. initated the instant action on January 15, 2021, while incarcerated at the Erie County Prison in Erie, Pennsylvania. ECF No. 1. According to Plaintiff, he was charged a $50 booking fee upon his arrival at the Erie County Prison. *See* ECF No. 16. After the underlying criminal charges against him were nolle prossed, Plaintiff sought a refund of that charge from the Deputy Warden of the Erie County Prison, Defendant Michael Holman. *Id*. Plaintiff maintains that the prison's Inmate Handbook specifies that such charges be refunded if an inmate is acquitted or the charges against him dropped. *Id*. Despite numerous requests and grievances, Defendant never refunded Plaintiff's fee. *Id*. Citing the Pennsylvania "Court of Claims Act," Plaintiff asserts a single state law tort claim based on Defendant's alleged refusal to refund his money.

Presently pending is Defendant's motion to dismiss for lack of jurisdiction. ECF No. 21. For the reasons that follow, Defendant's motion is granted.[1]

---

[1] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge to conduct all proceedings in this case, including the entry of final judgment, as authorized by 28 U.S.C. § 636.

1

II.     Standard of review

When the Court considers a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), it must first determine whether the defendant is making a facial or factual jurisdictional challenge. *Zhuo Zhang v. Chertoff*, 2006 WL 3254531, at *1 (W.D. Pa. Nov. 9, 2006). "In a facial jurisdictional attack, where the defendant asserts that the allegations of the complaint are insufficient to establish jurisdiction, the Court must consider the allegations of the complaint as true and draw all reasonable inferences in favor of the non-moving party." *Id*. (citing *Mortensen v. First Federal Savings and Loan Association*, 549 F.2d 884, 891 (3d Cir. 1977) ). In a factual jurisdictional attack, where the defendant argues that the Court lacks jurisdiction based on evidence outside of the pleadings, the Court may consider that evidence and need only accept the plaintiff's uncontroverted allegations as true. *Id*. (citing *Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583 (Fed. Cir. 1993) (internal citations omitted) ). Whether the challenge is facial or factual, the plaintiff bears the burden of establishing that jurisdiction is proper. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Here, Defendant presents a facial challenge to subject matter jurisdiction. He contends that Lemmons' complaint fails to allege the necessary prerequisites of federal question or diversity jurisdiction.

III.    Analysis

In the instant complaint, Plaintiff is attempting to recoup $50.00 that he contends Defendant wrongfully withheld. For the Court to exercise jurisdiction over this claim, there must either be "a question . . . presented under federal law" or "diversity of citizenship between the parties." *Gray v. Peruto*, 481 Fed. Appx. 716, 717 (3d Cir. 2012). The former provides jurisdiction pursuant to 28 U.S.C. § 1331; the latter pursuant to 28 U.S.C. § 1332. Because

Plaintiff's pleading does not contain a jurisdictional statement, the Court will independently consider each basis for jurisdiction.

Turning first to § 1331, federal district courts have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331; *see also Muchler v. Greenwald*, 624 Fed. Appx. 794, 797 (3d Cir. 2015). In the prison setting, such claims ordinarily arise under 42 U.S.C. § 1983. Here, however, Plaintiff has not invoked § 1983 (or any other federal statute, treaty, or provision); to the contrary, his pleading explicitly states that he is asserting a state law tort claim pursuant to a Pennsylvania statute. Because his claim arises under state law, not federal law, § 1331 provides no basis for jurisdiction.

In the absence of a federal question, Plaintiff must satisfy the diversity statute, 28 U.S.C. § 1332, in order to avail himself of this Court's jurisdiction. The pertinent subsection, § 1332(a), provides a federal district court with original jurisdiction over a civil action between "citizens of different States" where "the matter in controversy exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a); *see also Muchler*, 624 Fed. Appx. at 798. The allegations in the instant case do not meet either requirement. The amount in controversy, $50, is well short of the $75,000 threshold, and the addresses provided for the parties suggest that each resided in Pennsylvania[2] at the time Plaintiff initiated this action.[3]

---

[2] To the extent that these addresses do not reflect the parties' true domiciles, Plaintiff has failed to meet his burden of alleging sufficient facts for the Court to conclude that one or both parties were citizens of another state.

[3] Plaintiff has since been transferred to the Federal Prison Camp in Montgomery, Alabama. However, diversity is determined by the citizenship of the parties at the time the action is filed. *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (citing *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 570–71 (2004)); *Midlantic Nat. Bank v. Hansen*, 48 F.3d 693, 696 (3d Cir. 1995) ("Whether diversity jurisdiction exists is determined by examining the citizenship of the parties at the time the complaint was filed.")

In short, this Court lacks jurisdiction over Plaintiff's claim and this action must be dismissed. Moreover, in light of the jurisdictional deficiencies highlighted herein, it is apparent that any attempt at amendment would be futile. Said dismissal is without prejudice to Plaintiff's right to prosecute his claim by filing an action in state court, if he so desires.

IV. Conclusion

For the foregoing reasons, Defendant's motion to dismiss for lack of jurisdiction is granted. The Clerk is directed to terminate this case.

DATED this 10th day of December, 2021.

BY THE COURT:

RICHARD A. LANZILLO
UNITED STATES MAGISTRATE JUDGE